```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ELPA INTERNATIONAL, INC., | CIVIL ACTION NO. 07-3228 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| MV FOOTWEAR, LLC, |  |
| Defendant. |  |

**THE COURT** ordering the defendant to show cause why the action should not be remanded to state court (1) for lack of jurisdiction under 28 U.S.C. § ("Section") 1332, or (2) under the bar set by Section 1441 (dkt. entry no. 3, Order to Show Cause); and the plaintiff, ELPA International, Inc. ("ELPA") — which is a Taiwan citizen — bringing this action in state court on June 20, 2007, to recover damages for breach of contract, and thus under state law only (dkt. entry no. 1, Compl.); and the defendant, MV Footwear, LLC ("MVLLC") (1) removing the action based on jurisdiction under Section 1332 (dkt. entry no. 1, Rmv. Not., at 2), and (2) bearing the burden of demonstrating jurisdiction, see 28 U.S.C. § 1446(a); and the Court being authorized to examine jurisdiction and remand the action sua sponte, see 28 U.S.C. § 1447(c); and

**MVLLC ALLEGING** that it "is a New Jersey limited liability company with a principal place of business in [New Jersey]" (Rmv. Not., at 2); and it appearing that limited liability companies are (1) unincorporated associations, and (2) deemed citizens of

each state in which their members are citizens, not the states in which they were formed or have their principal places of business, Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990), Ferrara Bakery & Café v. Colavita Pasta & Olive Oil Corp., No. 98-4344, 1999 WL 135234, at *2 (S.D.N.Y. Mar. 12, 1999) (stating "citizenship of LLCs formed under [New Jersey Limited Liability Company Act] is the citizenship of its entire membership"); and it appearing also that each membership layer of a limited liability company must be analyzed to determine its citizenship, Belleville Catering Co. v. Champaign Mkt. Place, 350 F.3d 691, 693 (7th Cir. 2003) (concerning member that was itself a limited liability company), Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003) (stating citizenship of unincorporated association to be traced through each layer); and the Court, due to MVLLC's deficient allegations as to its own citizenship, being unable to determine if any member of MVLLC is a Taiwan citizen, and thus if there is jurisdiction under Section 1332 here, see 28 U.S.C. § 1332(a), Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 569 (2004) (stating requisite diversity absent, and jurisdiction under Section 1332(a) lacking, in action between one plaintiff and one defendant where both parties deemed citizens of, among other places, same foreign state, i.e., Mexico), Gen. Tech. Applics. v. Exro Ltda., 388 F.3d 114, 122 n.5 (4th Cir. 2004) (stating Grupo

majority and dissenting opinions recognized aforementioned jurisdictional defect);[1] and

**IT APPEARING** that MVLLC, upon properly alleging its own citizenship, may be a New Jersey citizen; and it appearing that an action that could have been brought initially in federal court under Section 1332 is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought," 28 U.S.C. § 1441(b), see Bor. of W. Mifflin v. Lancaster, 45 F.3d 780, 785 (3d Cir. 1995) (stating "[u]nder § 1441(b) diversity cases have an additional obstacle to removal: a resident defendant is barred from removing to federal court"), Enviro-Gro Techs. v. Greeley & Hansen, 794 F.Supp. 558, 560 (E.D. Pa. 1992) (stating Section 1441(b) "limit[s] the right of removal where an in-state defendant is a party even though diversity of citizenship exists"); and the Court being concerned that removal of the action may be barred under Section 1441(b), as MVLLC may be a New Jersey citizen; and

**IT APPEARING** that a jurisdictional challenge is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the

---

[1] ELPA had no obligation to properly allege jurisdiction under Section 1332 in the complaint. The burden of properly doing so fell on MVLLC as the removing party.

trial, or even for the first time on appeal," Grupo, 541 U.S. at 571; and the Court thus advising MVLLC of the intention to remand the action (1) for lack of jurisdiction unless MVLLC (a) properly analyzed each of its own membership layers, and alleged its own citizenship, as of June 20, 2007, with supporting documentation, and (b) demonstrated that jurisdiction under Section 1332 existed as of June 20, 2007, or (2) if there is jurisdiction here under Section 1332, under Section 1441(b) unless MVLLC demonstrated that removal of the action was not barred (Order to Show Cause, at 3-6); and

**THE COURT** ordering MVLLC to respond by August 2, 2007 (id. at 6); and MVLLC failing to respond;[2] and the Court ordering that ELPA could respond by August 10, 2007 (id.); and it appearing that ELPA has chosen not to respond; and thus it appearing that the Court may resolve the order to show cause before the return date; and the Court intending to (1) grant the order to show cause, and (2) remand the action; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                        s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

---

[2] MVLLC's counsel may have called Chambers on or about July 31, 2007, and stated that the action should be remanded. But no response was electronically filed on the docket.